UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIV.

CASE NO.: 06-21260-CIV-MOORE/GARBER

IANANIA KARPOVICH f/k/a IANANIA
LOGINOVA,

    Plaintiff,

v.

GREEN COVE HOLDING, INC. a British
Virgin Islands International Business Company,
and LORRIE T. OLIVIER, individually,

    Defendants.
_____/

## AGREED CONFIDENTIALITY ORDER

THIS CAUSE came on to be heard upon the agreement and stipulation of the parties, the Court having reviewed said agreement and stipulation and being otherwise fully advised in the premises, it is hereby:

ORDERED AND ADJUDGED:

The parties to this action, Plaintiff, IANANIA KARPOVICH f/k/a IANANIA LOGINOVA ("Plaintiff"), and defendants, GREEN COVE HOLDING, INC. a British Virgin Islands International Business Company, and LORRIE T. OLIVIER ("Defendants") and their respective counsel ("Counsel"), shall be subject to the following provisions governing the handling and designation of materials, including, but not limited to, information and documents produced or provided in the above-captioned action:

    1.    The parties hereto may designate as "Confidential" any material produced by that party in this action or generated by that party, or that party's counsel, including, but not limited to, any documents or written responses to requests for the production and information by

Case No. 06-21260-CIV-MOORE
Agreed Confidentiality Order

placing the word "Confidential" on any confidential material or by otherwise identifying such material as confidential in writing.

2. Notwithstanding Paragraph 1 hereof, only those documents that are trade secret, research development, proprietary, business or personal confidential or other information that is expressly by law deemed confidential shall be designated as "Confidential."

3. Any person giving testimony in this action may, directly or through their counsel, designate that testimony or any portion thereof (including exhibits), whether or not previously designated as Confidential material, as "Confidential" by advising the reporter and all parties of such fact on the record during the testimony, or in writing within 21 days following the receipt of the transcript. In addition, any party may designate as "Confidential," all or any part of any testimony taken in this action. All copies of transcripts designated as or containing confidential material shall be prominently marked "Confidential" on the cover thereof.

4. Counsel may disclose bank records designated as "Confidential" to personnel from their offices assigned to this action, experts, consultants, investigators or others retained to assist either in the preparation of this action or to testify, or other witnesses and potential witnesses, provided that each such personnel, expert, witness or potential witness agrees to comply with the terms hereof that limit disclosure of the confidential material.

5. Counsel may disclose documents other than bank records designated as "Confidential" to their respective clients who are parties to this cause, personnel from their offices assigned to this action, experts, consultants, investigators or others retained to assist either in the preparation of this action or to testify, or other witnesses and potential witnesses, provided that each such personnel, expert, witness or potential witness agrees to comply with the terms hereof that limit disclosure of the confidential material.

Case No. 06-21260-CIV-MOORE
Agreed Confidentiality Order

6. Documents designated "Confidential" shall not be shown or given to the parties themselves and may only be shown or given to those persons identified in paragraph 4 above.

7. A party may seek a ruling from the Court that a document (or category of documents) stamped as "Confidential" is not entitled to a "Confidential" status and protection. The party or other person that designated the documents as "Confidential" shall be given notice of the application and an opportunity to respond. To declassify a document as "Confidential," the party seeking to declassify the document must show to the Court's satisfaction that there is good cause for the document to no longer have such protection or that the document does not qualify as "Confidential," as defined in Paragraph 2 hereof.

8. A party's failure to challenge the classification of any material designated as confidential shall not be deemed a waiver or admission that any such classification is proper.

9. Upon the conclusion of this action, all materials designated as "Confidential," including any copies of such material made by a non-producing party or Counsel, will promptly be returned to the producing party or parties through Counsel. If such materials are destroyed, Counsel for the non-producing party shall confirm in writing to counsel for the producing parties that they have been destroyed.

10. All information subject to confidential treatment in accordance with the terms of this Confidentiality Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any "Confidential Information," shall be filed under seal and kept under seal until further order of the Court.

11. Inadvertent production of any document or other information that a party to this action or non-party witness believes should be designated "Confidential Information" during discovery or otherwise may be retroactively designated by written notice designating each

4

document by Bates number or other identifying information and shall, to the extent possible, be treated as so indicated from the date written notice of the designation is received.

12. Inadvertent production of documents subject to work-product immunity, the attorney-client privilege or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the producing party shall promptly notify the receiving party in writing of such inadvertent production.

13. If reasonably prompt notification is made, such inadvertently produced documents and all copies thereof, as well as all notes or other work product reflecting the contents of such materials, shall be returned to the producing party or destroyed, upon request of the producing party, and such returned or destroyed material shall be deleted from any litigation-support or other database. No use shall be made of such documents during depositions or at trial, nor shall they be disclosed to anyone who was not given access to them before the request to return or destroy.

14. The party returning such documents may move the Court for an order compelling production of the material, but such motion shall not assert the fact or circumstances of the inadvertent production as a ground for entering such an order.

15. Prior to the trial of this action, counsel of record for the parties shall meet and attempt to agree on an appropriate form of order to submit to the Court regarding the confidential status, if any, to be afforded to any Confidential Material or Information which may be disclosed during the course of trial.

16. This Confidentiality Order shall remain in full force and effect until modified, superseded or terminated in writing signed by counsel for all parties hereto or as ordered by the Court.

Case No. 06-21260-CIV-MOORE
Agreed Confidentiality Order

**DONE AND ORDERED** at Miami, Florida, this 16th day of October, 2006.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE

cc:
U.S. District Judge K. Michael Moore
All counsel of record.